# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DWAYNE ROBISON,                    )
                                   )
        Plaintiff,    )
                                   )
    v.                       )          No. 4:19-cv-2013-JCH
                                   )
TERRI LAWSON, et al.,              )
                                   )
        Defendants.  )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of plaintiff Dwayne Robison, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.79. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $8.96, and an average monthly balance of $7.02. The Court will therefore assess an initial partial filing fee of $1.79, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), this Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To determine whether an action states a claim upon which relief can be granted, the Court engages in a two-step inquiry. First, the Court determines whether the allegations in the complaint are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations are not entitled to the assumption of truth if they are merely "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court determines whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the well-pleaded facts do not permit the inference of more than the "mere possibility of misconduct," the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see also Twombly,* 550 U.S. at 557 (if the

well-pleaded facts are merely consistent with wrongdoing, the complaint stops short of the line between possibility and plausibility). Determining whether a complaint states a plausible claim is a context-specific task that requires the court to draw upon experience and common sense. *Iqbal,* 556 U.S. at 679.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is currently an inmate at the Eastern Reception, Diagnostic and Correctional Center, but the events described in the complaint occurred while he was incarcerated at the Farmington Correctional Center ("FCC"). This case is one of 11 civil actions plaintiff has filed in this Court pro se and in forma pauperis since May 2, 2019. He brings this action pursuant to 42 U.S.C. § 1983 against Warden Terri Lawson, Deputy Division Director Jeff Norman, and Missouri Department of Corrections Director Anne Precythe.

Plaintiff claims he is entitled to relief because prison officials do not always deliver all of his mail. In support, plaintiff alleges he has not received mail in response to all of the mail he has sent. For example, plaintiff states he is due to be released in 10 years and has sent letters to various companies requesting "catalogs to plan for when I get out so I can have everything in place," but he did not receive mail from all of the companies. He alleges he sends "25-30 pieces of mail" per month. He alleges: "Mrs. Upchurch caseworker refuse to bring me my legal mail I have sent at least 10 legal letters out within the last 30 days," "I have only received about 10 letters since I been at Farmington Correctional Center I still have not received about 6-8 letters that I have sent off in the last 2-3 months," and "I have 22 letters out I have only received one to two pieces." Plaintiff alleges he was placed on suicide watch for a week and a half, and did not receive all of his mail upon release or following occasions he was moved to different housing units within the prison.

Plaintiff refers the Court to a log sheet he prepared and attached to the complaint. The log sheet document plaintiff's outgoing and incoming mail. For example, the log sheet shows that in October of 2018 and March of 2019, plaintiff sent mail to companies including Oriental Trading, Harbor Freight, Nutrition Express, and Prism Optical, but did not receive mail in response. The log sheet also shows that in April and May of 2019, plaintiff sent legal mail to a "social security lawyer," mailed requests for "1983 civil forms," and sent mail to companies requesting catalogs, but did not receive mail in response. For some entries, plaintiff wrote the date he received mail in response or left the response column blank. Plaintiff writes he is "having numerous problems with staff at Farmington Correctional Center" and that other inmates do as well. Nowhere in the complaint does plaintiff allege he was subjected to content-based restrictions.

Plaintiff also attached to the complaint copies of the Informal Resolution Request ("IRR") he filed to complain about the non-receipt of mail, along with the responses he received to the IRR and to a Grievance and Grievance Appeal. In sum, the responses indicate that the only time plaintiff's mail was held was when he was on suicide watch from October 27 to November 11 of 2018, and that the mail was delivered upon his release. The responses also note that the mail room can only deliver mail that it receives.

As relief, plaintiff asks this Court to order the Missouri Department of Corrections to follow a specific procedure regarding his mail, and reassign a member of the mail room staff. He also seeks "$3890.00 punitive damages for the loss of contact with this person named Clayton Phillips the one who was going to help me get stable when I get out of prison," and he states he has lost contact with "the legal system and family."

### Discussion

Plaintiff's claims arise under the First Amendment, which guarantees inmates the right to send and receive mail. *Turner v. Safely,* 482 U.S. 78, 89 (1987), *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). As noted above, to state a facially-plausible claim, a plaintiff must plead facts permitting the reasonable inference that the defendant is liable for the misconduct alleged, *Iqbal,* 556 U.S. at 678, and to raise the right to relief above the speculative level. *Twombly,* 550 U.S. at 555. Here, having taken plaintiff's factual allegations as true, the Court concludes that plaintiff's allegations establish only that it is conceivable that prison officials did not always deliver all of his mail. Plaintiff's claims are based upon his assumption that every person and company he sends mail to will send him mail in response, and if he does not receive mail from a particular person or company, it means that prison officials engaged in misconduct.

These allegations are merely speculative, and fail to nudge plaintiff's claims across the line from conceivable to plausible. Having carefully reviewed and liberally construed the complaint, the Court concludes that plaintiff has failed to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

Even if it could be said that plaintiff's factual allegations permitted the inference that prison officials were liable for not always delivering all of his mail, plaintiff's allegations establish only sporadic disruptions that are not the result of content-based prison regulations or practices, allegations that are insufficient to support a First Amendment claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays and disruptions are insufficient to state a cause of action grounded upon the First Amendment"); *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999) (allegations of sporadic and short-term disruptions in mail that are not the result of a content-based prison regulation or practice do not state a First Amendment claim); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail).

Plaintiff also references not receiving responses to mail he identifies as "legal" mail. However, he offers no allegations tending to establish he suffered an "actual injury" as required to state a plausible claim premised upon his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-52 (1996), *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Additionally, plaintiff has filed a total of 11 civil cases in this Court since May, which would tend to belie a claim that his access to the court has been thwarted. *See Brown v. Voorhies*, 2012

WL 748403, *7 (S.D. Ohio Mar. 8, 2012) ("[t]he sheer number of filings that Plaintiff has been able to muster belies his claim that access to the Court has been thwarted.").

To the extent plaintiff can be understood to claim he was wrongfully denied mail privileges during the one and one-half weeks he was held on suicide watch, such allegations do not establish a constitutionally-protected liberty interest as necessary to state a cognizable due process claim. *See Kennedy v. Blankenship,* 100 F.3d 640, 642-43 (8th Cir. 1996) (no "liberty interest" implicated by thirty days in punitive isolation that included suspension of mail privileges), *Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (a due process claim is cognizable only if the plaintiff identifies a constitutionally-protected liberty or property interest). Additionally, a prisoner's First Amendment right to send and receive mail may be limited by legitimate penological interests. *Turner*, 482 U.S. at 89. Finally, plaintiff does not allege that any named defendant was personally involved in or directly responsible for the alleged mail interference. Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him).

After carefully reading and liberally construing the complaint, the Court concludes that it must be dismissed because it fails to state a claim upon which relief may be granted. Plaintiff is clear about the claims he wishes to bring, and it is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Plaintiff's complaint will therefore be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.79 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of October, 2019.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE